# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DEB STORES HOLDING LLC, *et al.*, | ) | Case No. 14-12676 (KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| DEB SHOPS SDFMC LLC, | ) | |
| Debtor in Possession, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 16-51003 (KG) |
| | ) | |
| 2253 APPAREL, INC. d/b/a/ CELEBRITY PINK, | ) | |
| | ) | |
| Defendants. | ) | **Re: D.I. 46** |

## MEMORANDUM OPINION

2253 Apparel, Inc. d/b/a/ Celebrity Pink ("Celebrity Pink") brought a motion for partial summary judgment (the "Motion") against Deb Shops SDFMC LLC (the "Plaintiff" or "SDFMC"). From the four claims alleged in Plaintiff's complaint (the "Complaint"), Celebrity Pink seeks partial summary judgment on the first claim (the "Preference Claim") which alleges that transfers of $258,153.75 and $50,951.56 (collectively, the "Transfers") are avoidable pursuant to 11 U.S.C. § 547(b).

### Facts

On December 4, 2014 (the "Petition Date"), Deb Stores Holding LLC, and its affiliated entities (collectively, the "Debtor"), each filed a voluntary petition for relief

under chapter 11 of the Bankruptcy Code. D.I. 1.[1] The Debtor is a mall based retailer in the juniors "fast-fashion" specialty sector, offering moderately priced and fashionable sportswear, dresses, coats, lingerie, accessories and shoes for junior and plus size females. Declaration of Dawn Robertson in Support of First Day Motions, ¶ 6. D.I. 3. Celebrity Pink, a designer, manufacturer and distributor of denim apparel, sold merchandise to certain entities of the Debtor prior to the Petition Date, fulfilling a total of twenty-one purchase orders (the "Purchase Orders"). Declaration of Cristina Veneracion, dated November 19, 2017 ("Veneracion Decl.") ¶¶ 7-8. Adv. D.I. 46-3.

Three of the Purchase Orders were made prior to the Transfers (the "historical period") and are not subject to avoidance under the Bankruptcy Code (the "Historical Period Purchase Orders"). Veneracion Decl. ¶9. The terms governing the Historical Period Purchase Orders were "Net 10 EOM +30," meaning the full amount was due within ten days of the end of the month, plus thirty days from the receipt of the merchandise. *Id.* at ¶ 10. Debtor paid all three invoices in full in advance of their due date. *Id.* at ¶ 11.

The other eighteen Purchase Orders, which are the Transfers in question, were placed on May 2, 2014 (the "preference period" and the "Preference Period Purchase Orders"). *Id.* at ¶ 12. Deb Shops SDW LLC ("SDW") and Deb Shops SDE – Commerce

---

[1] Any references to "D.I." refer to the main proceeding in this case. *See In re Deb Stores Holding LLC*, No. 14-12676 (Bankr. D. Del. Filed Dec. 4, 2014). Any references to "Adv. D.I." refer to this adversary proceeding brought by the Plaintiff against Celebrity Pink. *See Deb Shops SDFMC LLC v. 2253 Apparel, Inc. d/b/a Celebrity Pink (In re Deb Stores Holding LLC)*, No. 16-51003 (Bankr. D. Del. Filed June 10, 2016).

2

LLC ("SDE"), both related entities to the Debtor, placed the Preference Period Purchase Orders. *Id.* On October 1, 2014, Celebrity Pink agreed to satisfy the eighteen (18) Preference Period Purchase Orders, but required that the payment terms be as follows: "[SDW and/or SDE] will wire 75% of the invoice amount prior to X Los Angeles. The balance 25% is Net 30 Days ROG."[2] *Id.* at ¶ 13. These terms were different than the terms used for the Historical Period Purchase Orders of Net 10 EOM +30.

On October 2, 2014, the Plaintiff wire transferred $258,153.75 to SDFMC.[3] *Id.* at ¶ 18. However, the invoices from Celebrity Pink regarding the Preference Period Purchase Orders (the "Invoices") were not generated and sent until October 3, 2014, totaling $338,763.00. *Id.* at ¶ 14. The goods mentioned in the Preference Period Purchase Orders were delivered on October 7, 2014, and October 8, 2014. *Id.* at ¶ 16. On November 5, 2014, the Plaintiff issued a check for $50,951.56. *Id.* at 19. On November 13, 2014, SDE sent a check to Celebrity Pink in the sum of $18,112.32.

On December 4, 2014, the Debtor filed the Petition. Declaration of Frederick B. Rosner, dated December 20, 2017 ("Rosner Decl.") ¶ 4. On June 10, 2016, the Plaintiff filed the Complaint, seeking avoidance of the Transfers totaling $309,105.31. Adv. D.I. 1. On July 20, 2016, Celebrity Pink untimely filed an answer to the Complaint, at which point the Court had already granted a default judgment (the "Default Judgment") in favor of the Plaintiff. Rosner Decl. ¶¶ 13, 18. Celebrity Pink filed its *Motion to Reopen Adversary Proceeding*, requesting that the Court vacate the Default Judgment. Adv. D.I. 13.

---

[2] ROG stands for "receipt of goods."
[3] This amount represents roughly 75% of total amount requested under the Invoices.

The Court granted Celebrity Pink's request, vacated the Default Judgment and received an answer and amended answer to the Complaint. Rosner Decl. ¶ 18. On August 4, 2017, without the parties engaging in any formal discovery, Celebrity Pink filed the Motion and subsequent briefing ensued. *Id.* at ¶¶ 19-24.

### Jurisdiction

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this District of Delaware is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b) arising under the Bankruptcy Code.

### Legal Standard

Rule 56 of the Federal Rules of Civil Procedure, made applicable by Federal Rule of Bankruptcy Procedure 7056, provides that "[a] party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought." Fed. R. Civ. P. 56. The court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.; see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is solely placed on the moving party to demonstrate no genuine issue of material fact exists, and if properly shown, judgment shall be granted in its favor. *Id.; see also Bailey v. United Airlines*, 279 F.3d 194, 198 (3d Cir. 2002).

### Discussion

In the Motion, Celebrity Pink argues that the Plaintiff cannot show that the requisite debtor-creditor relationship existed for the action to proceed as required under

Section 547 of the Bankruptcy Code. Furthermore, Celebrity Pink argues that the $258,153.75 payment was not made on account of an antecedent debt and that the $50,951.96 was made in the ordinary course, making both payments unavoidable under Section 547. The Plaintiff counters by arguing first that the parties are entitled to engage in formal discovery, and in the alternative argues that there are material facts in dispute regarding the nature of the agreement between the parties and whether or not the $50,951.96 payment was made in the ordinary course.

When a motion for summary judgment is filed, "[i]f discovery is incomplete in any way material to [the] motion, [the court] is justified in not granting the motion." *Doe v. Abington Friends School*, 480 F.3d 252, 257 (3d Cir. 2007). "A Rule 56(d) motion is essentially 'the proper recourse of a party faced with a motion for summary judgment who believes that additional discovery is necessary before he can adequately respond to that the motion.'" *Square Ring, Inc. v Doe*-1, 2014 WL 1116960, at *3 (D. Del. March 18, 2014) (quoting *Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295, 309 (3d Cir. 2011)).

To properly bring a Rule 56(d) motion, the party asserting such a defense should state what particular information is sought, how such information would preclude summary judgment and why it has not been obtained previously. *See Superior Offshore Int'l, Inc. v. Bristow Grp.*, 490 Fed. Appx. 492, 501 (3d Cir. 2012). This three-part test is meant to offer guidance to the court in exercising its discretion under Rule 56(d) and is not exhaustive. *Id.* When the court determines that facts are unavailable to the non-moving party, the court may (1) defer considering the motion for summary judgment; (2)

5

allow the parties to take discovery or obtain affidavits; or (3) issue any other appropriate order. Fed. R. Civ. Pro. 56(d).

The main argument by Celebrity Pink against avoidance of the Transfers is that no debtor-creditor relationship existed between Celebrity Pink and SDFMC. Because the invoices issued by Celebrity Pink listed SDE and SDW as the parties to receive the goods, Celebrity Pink argues SDFMC had no obligation to pay. *See AP Servs. LLC v. Bellco Drug Corp. (In re CRC Parent Corp.)*, 2013 WL 781603, at *3 (Bankr. D. Del. Mar. 1, 2013) (finding that if an obligation of the debtor is satisfied with property of a third party, or if the obligation which is satisfied is not owed by the debtor, there is no transfer subject to recovery under Section 547(b)).

The Plaintiff responds that discovery is needed to understand the relationship between the parties. SDFMC's Statement of Financial Affairs ("SOFA") lists Celebrity Pink as a creditor with transactions occurring between the parties in the amount of $258,153.75 and $50,951.56. D.I. 301, Attachment 3b, Pg. 12. Additionally, Celebrity Pink is not listed under SDE's or SDW's SOFA. *See* D.I. 295, 297. From this information, the Plaintiff argues that between Celebrity Pink and SDFMC, there may have been an established debtor-creditor relationship, with Celebrity Pink requesting payment and SDFMC obliged to pay. Without formal discovery, the Plaintiff contends that such a relationship cannot be determined, one way or the other.

The Court agrees with the Plaintiff and finds that further discovery is necessary. The entirety of the Motion hinges on whether or not SDFMC and Celebrity Pink established the requisite debtor-creditor relationship. If that relationship did not exist,

then the Transfers will be unavoidable. If the relationship did exist, the Court must look to the parties other arguments regarding the existence of an antecedent debt and/or the existence of an ordinary course defense. The Plaintiff points the Court to the SOFA of SDFMC, SDE and SDW to show that when the Court adjudicated the main proceeding, the Debtor presumed Celebrity Pink to be a creditor of only SDFMC. What is unknown, and what the Plaintiff would like to discover, is how Celebrity Pink identified SDFMC, SDE and SDW. Inferring facts in favor of the non-moving party, whether Celebrity Pink was a creditor is a material fact that is in dispute, and there may be facts that Celebrity Pink has in its possession that the Plaintiff does not possess regarding that fact.

Celebrity Pink argues that all the information that is needed is the Preference Period Purchase Orders and the accompanying invoices. As discussed, SDFMC concluded that Celebrity Pink was, in its eyes, a creditor regarding the Transfers. Furthermore, the original Preference Period Purchase Orders were made by SDE and SDW on May 2, 2014, five months before any of the Transfers were made. Within that five month window, the Court is unaware of how SDFMC became involved in the Preference Period Purchase Orders. Did Celebrity Pink know or understand that the payments would come from SDFMC despite the orders being sent by SDE and SDW? If any communications were made by the parties between May and October, those facts could be pertinent to the Court's evaluation of the nature of the relationship, as well as beneficial to the remaining issues of whether the payments were made on account of an antecedent debt or made in the ordinary course.

**Conclusion**

Using the *Superior Offshore* three-part test for guidance, the Court finds that the Plaintiff has stated that discovery is needed to determine how Celebrity Pink treated the different Deb Stores entities in terms of relationship, that such information would assist in establishing whether or not a debtor-creditor relationship existed and that no discovery has occurred.  Under Rule 56(d), the Court has and will exercise its discretion to allow the parties to take discovery before ruling on the motion for summary judgment.  Given the lack of progress made in the case, the Court will expect the parties to address discovery promptly.  The Court will issue an order giving effect to its ruling.

Dated: March 28, 2018.                             _____
                                                                        KEVIN GROSS, U.S.B.J.